**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Irma Fields,

    Plaintiff,

    v.                                                  Case No. 1:08cv827

Commissioner of Social Security,          Judge Michael R. Barrett

    Defendant.

**ORDER**

Before the Court is the January 12, 2010 Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 14)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 15)

**I.**     **PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB and SSI alleging a disability onset date of April 12, 2005. Plaintiff's claims were denied initially and on reconsideration. The Administrative Law Judge ("ALJ") held a hearing on March 5, 2008, at which a Vocational Expert ("VE") testified. That same month, the ALJ entered his decision finding Plaintiff not disabled because there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (Tr. 19-20) That decision became the Commissioner's final

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

determination upon denial of review by the Appeals Council. (Tr. 5)

## II. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge noted that the ALJ found the following severe impairments: borderline intellectual functioning, chronic obstructive lung disease, anxiety, obesity and diabetes mellitus. The Magistrate Judge also noted that the ALJ determined that Plaintiff has the residual functional capacity for medium work but unable to climb ladders, ropes or scaffolds; she should avoid exposure to pulmonary irritants and workplace hazards; she would do best in a calm work setting with no production demands and with limited interpersonal contacts; she is able to occasionally balance, kneel, stoop, crouch and crawl.

In her statement of errors before the Magistrate Judge, Plaintiff argued that (1) she lacks the intellectual capacity to learn a new job in thirty days, especially when part of the orientation was a reliance upon verbal instruction; (2) she would be absent more than once per month, the limit tolerated by employers according to the VE's testimony; and (3) none of the jobs identified by the VE were to be performed in a dust-free environment.

As to the first alleged error, the Magistrate Judge found that there was substantial evidence that Plaintiff has the capacity to perform simple and routine work. The Magistrate Judge noted that Plaintiff worked at Burger King and in the fast food industry for several years; and Drs. Katz and Finnerty, non-examining physicians, concluded that Plaintiff could perform simple routine work in a calm and consistent setting with limited interpersonal demands and no production requirements.

As to the second alleged error, the Magistrate Judge found there was no substantial

evidence to support Plaintiff's argument that she would miss more than one day of work per month. The Magistrate Judge noted that opinion of Dr. Johnson, Plaintiff's treating physician, was that Plaintiff was unemployable, but this statement was limited to a nine to eleven month period in 2004 following the loss of Plaintiff's brother.

As to the final alleged error, the Magistrate Judge noted that Dr. Schapera, an examining physician, stated that Plaintiff would do best in a dust-free environment. The Magistrate Judge noted that an employer could provide a mask, and Dr. Schapera's comment is not read as "requiring that Plaintiff work only in a bubble."

In her Objections, Plaintiff argues that the following errors were made: (1) the Magistrate Judge read the medical evidence too narrowly and Plaintiff is unable to learn even simple tasks in a reasonable amount of time; (2) more weight should be given to the opinion of Dr. Heideman, an examining physician, which was that Plaintiff was "marginally reliable and retainable" because of her anxiety and depression; and (3) the use of a mask cannot support the Commissioner's decision because the Commissioner must show that jobs exist in the national economy on a competitive basis without accommodation.

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky*

*v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

### B. <u>Capacity to learn simple tasks</u>

Plaintiff contends that she is unable to learn simple tasks in a reasonable amount of time. Plaintiff relies on the opinion of Dr. Heideman, who found that Plaintiff's ability to understand, remember, and follow directions was markedly limited. (Tr. 202.)

As the Magistrate Judge noted, in the hypothetical to the VE, the ALJ restricted Plaintiff to unskilled work. As the Magistrate Judge explained, 20 C.F.R. § 404.1568 defines unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." As the VE testified, and the Magistrate Judge noted, a person could learn an unskilled job in less than thirty days. (Tr. 295) The VE also explained that Plaintiff's previous job in the fast food industry was unskilled, and it is expected that a person would learn the job within thirty days. (Id.) The VE testified further that a person with the limitations described by Dr. O'Donnell due a decreased working memory could perform unskilled work. (Id.) While Plaintiff argues that the Magistrate Judge failed to recognize the limitations placed on Plaintiff by Dr. Heideman, the ALJ found that Dr. Heideman's assessment overstated Plaintiffs limits and was refuted by the assessments of Drs. Katz and Finnerty. (Tr. 19) As the Magistrate Judge noted,

Drs. Katz and Finnerty found that Plaintiff's ability to understand, remember, and follow short and simple instructions was only "moderately limited." Drs. Katz and Finnerty found that Plaintiff could perform simple routine work in a calm and consistent setting with limited interpersonal demands and no production requirements. These limitations were included in the hypothetical to the VE. (Tr. 293-94) Because there was substantial evidence in the record to support Plaintiff's ability to perform unskilled work, the Court finds that the Magistrate Judge did not err on this point.

### C. <u>Ability to maintain attendance</u>

Plaintiff argues that the jobs listed by the VE would only allow for one absence per month. Plaintiff points to the opinion of Dr. Heideman, who stated that Plaintiff was "marginally reliable and retainable" due to her anxiety and depression. As stated earlier, the ALJ rejected the limitations of Dr. Heideman. However, even if the this limitation of Dr. Heideman was adopted, there is nothing in this statement which would translate to more than one absence per month. As the Magistrate Judge noted, there is an absence of substantial evidence that Plaintiff would miss more than one day of employment per month.

### D. <u>Dust-free environment</u>

To clarify, the only evidence in the record which makes reference to a dust-free environment is the opinion of Dr. Schapera, who merely opined that Plaintiff "would do best in a dust-free environment." There is no opinion in the record that Plaintiff would be unable to work unless placed in a sterile environment completely free of dust. Dr. Schapera's opinion was properly reflected in the ALJ's RFC and hypothetical to the VE. The VE was asked to consider a limitation of avoiding "concentrated exposure to pulmonary irritants." (Tr. 293) While the VE was unable to identify any jobs which Plaintiff could perform which

were in a dust-free environment, that point is not dispositive. As the Magistrate Judge noted, there is no support in the record for a completely dust-free limitation, and therefore it was proper for the ALJ to not include that limitation in the RFC or the hypothetical to the VE. Instead, the VE identified jobs which Plaintiff could perform which would avoid concentrated exposure to dust and other pulmonary irritants.

It should be noted that Drs. Schapera and Wright recommended that Plaintiff quit smoking. While Plaintiff contends that the Magistrate Judge cited Plaintiff's continued smoking as a basis for not including a dust-free environment in the RFC, the Court finds no such statement by the Magistrate Judge in his R&R. However, the Court will note that Plaintiff's smoking, at a rate of one to two packs a day, goes to Plaintiff's credibility. *See Brumett v. Commissioner of Social Sec.*, 2009 WL 690250, *4 (S.D.Ohio Mar. 11, 2009) (unpublished) (explaining that the failure to stop smoking against medical advice can be properly considered in assessing credibility), *citing Galinis v. Commissioner of Social Sec.*, 2008 WL 360656, *8 (W.D.Mich. 2008) (unpublished).

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the January 12, 2010 Magistrate Judge's R&R (Doc. 14) is hereby **ADOPTED.** The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed. This matter shall be closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court